UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYDONTAE WORTHEY, #982382,

       Plaintiff,                                  Case No. 22-cv-11454
                                                      Hon. Matthew F. Leitman

v.

WARDEN MINIARD, *et al.*,

       Defendants.
_____/

## ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Raydontae Worthey is a state inmate currently incarcerated the Carson City Correctional Facility in Carson City, Michigan. On June 22, 2022, Worthey filed a *pro se* civil rights Complaint against the Defendants pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In his Complaint, Worthey raises claims concerning the alleged failure to protect him from assaults by fellow inmates, assaultive behavior by corrections officers, the denial of proper medical care, interference with his legal mail, the failure to provide grievance forms, the failure to properly investigate the incidents and contact the Michigan State Police, and the denial of grievances while he was confined at the Saginaw Correctional Facility in 2021 and 2022. (*See id.*) Worthey names as Defendants the following employees of the Michigan Department of Corrections (the "MDOC"): Warden Miniard,

1

Deputy Warden Douglas, Assistant Deputy Warden Walker, Grievance Coordinator S. Flaugher, Prison Counselor Swartz, Inspector Price, Sergeants Justice and Fair, Corrections Officers Roy, Perkins, Wood, Cabrera, and unidentified health care personnel (Jane/John Does). (*See id.*) He sues the Defendants in their individual and official capacities, and he seeks injunctive relief, monetary damages, and other appropriate relief. (*See id.*)

On August 17, 2022, the Court granted Worthey leave to proceed *in forma pauperis* and without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1). (*See* Order, ECF No. 5.) Under the Prison Litigation Reform Act of 1996, the Court is required to conduct an initial screening of all *in forma pauperis* complaints and dismiss them before service if it determines that an action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is likewise required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The Court has conducted the requiring screening here and concludes that Worthey's claims for monetary damages against the Defendants in their official

capacities must be summarily dismissed because the Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Worthey's claims for monetary damages against the Defendants in their official capacities are therefore **DISMISSED**.

The Court declines to dismiss Worthey's remaining claims at this time, but the Court does not mean to suggest that the remaining claims are immune from dismissal. Defendants may move to dismiss those claims, and the Court will further assess the viability of those claims in the context of a fully-briefed motion to dismiss, if Defendants file one.

**IT IS SO ORDERED**.[1]

Dated: November 16, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[1] The Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).